UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| ANGELA PEREZ DOWLING,<br><br>Petitioner,<br><br>-against-<br><br>UNITED STATES SECRETARY OF STATE,<br><br>Respondent. |

26-CV-3148 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who resides in North Arlington, New Jersey, brings this *pro se* action against the United States Secretary of State. As far as the Court can glean, Petitioner's claims arise from a child support dispute in the Superior Court of New Jersey, Chancery Division-Family Part. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

The appropriate venue provision for claims against the United States Secretary of State, is found at 28 U.S.C. § 1391(e)(1), which provides that, unless otherwise provided by law, any civil action brought against a federal officer or employee must be brought in a United States District Court for:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

§ 1391(e)(1).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Petitioner names the United States Secretary of State as the sole respondent in this action. Because she does not allege that Respondent resides in this district, venue is not proper in this district under Section 1391(e)(1)(A).[1] Petitioner's claims appear to be related to proceedings occurring in the Superior Court of New Jersey, which is located in the District of New Jersey. *See* 28 U.S.C. § 110 ("New Jersey constitutes one judicial district"). Nothing in the complaint suggests that any of the events giving rise to Petitioner's claims occurred in this district. Venue is therefore proper under Section 1391(e)(1)(B) in the District of New Jersey, not this district. Finally, because this action does not appear to involve real property and Petitioner resides in New Jersey, venue is also proper under Section 1391(e)(1)(C) in the District of New Jersey, and not this district.

Under 28 U.S.C. § 1406, if a litigant files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A substantial part of Petitioner's claims arose in New Jersey, which is also where Petitioner resides. Accordingly, venue lies in the District of New Jersey under Section 1391(e)(1)(B), (C). In the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1406(a).

---

[1] This district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.[2]

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  June 2, 2026
        New York, New York

            /s/ Laura Taylor Swain
            LAURA TAYLOR SWAIN
            Chief United States District Judge

---

[2] The Court notes that, by order dated May 26, 2026, the court recounted Petitioner's history of filing non-meritorious *pro se* civil actions in this court and directed her to show cause why the court should not bar her from filing further civil actions in this court *in forma pauperis* without first obtaining the court's permission. *Perez v. US Treasury Inspector Gen.*, ECF 1:26-CV-4161, 5 (S.D.N.Y. May 26, 2026).